Nancy L. ROSS, Ann Prevost and Susan Minushkin, Plaintiffs,

v.

The NIKKO SECURITIES CO. INTERNATIONAL, INC., Defendant.

No. 88 Civ. 7692 (RPP).

United States District Court, S.D. New York.

Nov. 16, 1990.

Steel & Bellman by Richard F. Bellman, New York City, for plaintiffs.

Donovan Leisure Newton & Irvine by David S. Versfelt, New York City, for defendant.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This Court denied plaintiffs' motion for class certification pursuant to Fed.R.Civ.P. 23(a) by Opinion and Order dated August 10, 1990. Plaintiffs now move for reargument. For the reasons set forth below, plaintiffs' motion is denied.

This is an action alleging discrimination on the basis of sex, race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Plaintiffs charge that Nikko Securities Co. International, Inc. ("Nikko") engages in a pattern of company-wide discriminatory practices including (1) the assignment of Japanese male rotating staff to the upper echelons and officer positions of the company, (2) restricting certain jobs to rotating staff members, (3) assigning women almost exclusively to "assistant" positions, (4) maintaining subjective standards for securing promotions, and (5) maintaining a company-wide atmosphere of discrimination based on sex, race and national origin. Plaintiffs, three former female employees of Nikko, sought certification of a class of former, current and future female employees of Nikko excluding those females employed in the Fixed Income Division.

In denying plaintiffs' motion, this Court concluded that there was inadequate proof of an aggrieved class to support a finding that plaintiffs had "bridged the gap" between their individual claims and the putative class claims so as to ensure that the individual and class claims share common questions of law or fact and that the individuals' claims are typical of the class claims. *See General Tel. v. Falcon*, 457 U.S. 147, 157, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982). In other words, plaintiffs failed to demonstrate that their claims were susceptible of class-wide proof. *See Sheehan v. Purolator, Inc.*, 839 F.2d 99, 104 (2d Cir.), *cert. denied*, 488 U.S. 891, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988).

Several means are available to individual plaintiffs to make the showing required by Rule 23(a). In cases such as this plaintiffs

typically offer a combination of statistical and testimonial evidence. *See, e.g., Selzer v. Board of Educ.,* 112 F.R.D. 176, 180 (S.D.N.Y.1986) (although the statistics were inconclusive, affidavits from named plaintiffs and five proposed class members were sufficient to establish the existence of an aggrieved class).

In this action, the statistics relied on by plaintiffs did not assist them in establishing that there is an aggrieved class of female employees because the statistics merely compared "the relative number of men and women in various job titles" and failed to offer "the relevant comparisons of similarly situated female and male employees (i.e., females and males with the same qualifications and experience)." *Sheehan v. Purolator, Inc.,* 103 F.R.D. 641, 649 (E.D.N.Y.1984), *aff'd,* 839 F.2d 99 (2d Cir.), *cert. denied,* 488 U.S. 891, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988).[1] *See also Chaffin v. Rheem Mfg. Co.,* 904 F.2d 1269, 1276 (8th Cir.1990) (plaintiff's statistical evidence did not demonstrate the existence of a class of individuals with similar grievances). Plaintiffs offered no statistical evidence in support of their race and national origin claims. *Cf. Adames v. Mitsubishi Bank, Ltd.,* 50 Empl.Prac.Dec. (CCH) ¶ 39,090 (E.D.N.Y. April 27, 1989).

The affidavits offered by plaintiffs similarly failed to establish the existence of an aggrieved class. *See Sheehan,* 103 F.R.D. at 648–49, *aff'd,* 839 F.2d 99 (2d Cir.), *cert. denied,* 488 U.S. 891, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988). The testimonial proof must identify a statistically significant number of aggrieved persons in the putative class in relation to the size of the relevant work force at Nikko. *Id.* In this action, plaintiffs' motion for certification of a class comprising nearly 200 females rested on the sworn allegations of the named plaintiffs and only one putative class member.[2] *See Ross v. Nikko Sec.,* 53 Fair Empl.Prac.Cas. (BNA) 1121, 1127 (S.D.N.Y. Aug. 10, 1990). Plaintiffs' showing remains insufficient to demonstrate the existence of an aggrieved class under *Falcon* and accordingly plaintiffs' motion for reargument is denied. *Cf. Donaldson v. Pillsbury Co.,* 554 F.2d 825, 830–32 (8th Cir. 1977), *cert. denied,* 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977) (aggrieved class established where plaintiff produced six affidavits alleging discrimination and identified eighteen other individuals who claimed to be victims of discriminatory policies).

The deposition testimony of Nikko president Toshio Mori and Director of Human Resources Vito Soranno supplied by plaintiffs as admissions of the allegedly discriminatory practices at Nikko does not demonstrate that a significant number of other female employees at Nikko feel aggrieved by these practices. Rather, the evidence

1. Despite the skepticism expressed by this Court in its earlier opinion, *Ross v. Nikko Sec.,* 53 Fair Empl.Prac.Cas. (BNA) 1121, 1124–25, 1990 WL 121678 (S.D.N.Y. Aug. 10, 1990), plaintiffs on this motion continue to press numerical comparisons of the officer and non-officer work forces at Nikko which exclude data on employees working in Nikko's Fixed Income Division, a significant employee division, who if plaintiffs allegations are correct should be equally affected by the presence of a Japanese male rotating staff and the company-wide personnel policies complained of.

2. The three named plaintiffs in this action presented sworn proof in the form of their own deposition testimony, affidavits from putative class members Maria DaSilva and Angela Cucarese and the affidavits of Nikko vice president James Nolan and former senior vice president Randy Strausberg purporting to identify additional alleged victims of discrimination at Nikko.

As the Court's opinion noted, the Cucarese affidavit did not allege that she was a victim of discrimination at Nikko but "merely bolster[ed] plaintiffs' argument that certain changes in job title at Nikko are not necessarily promotions." *Ross v. Nikko Sec.,* 53 Fair Empl.Prac.Cas. (BNA) at 1126. The DaSilva affidavit alleged discrimination and identified at least three other putative victims although two of the three denied the allegations. Nolan's identification of two relevant potential class members rested on "entirely conclusory" assertions regarding their experience, *see id.,* and was rebutted in an affidavit from one of the individuals. The Strausberg affidavit failed to identify any aggrieved persons within the scope of plaintiffs' class certification request who did not rebut his assertions.

This Court found plaintiffs' unsworn anecdotal evidence identifying 22 putative class members to be either rebutted by reply affidavit or not probative of the existence of an aggrieved class.

presented by plaintiffs shows that the discrimination allegedly caused reserving officer positions for rotating Japanese staff may affect only the named plaintiffs and at most a few others whose joinder is practicable.

Plaintiffs continue to urge the application of *Rossini v. Ogilvy & Mather, Inc.,* 798 F.2d 590 (2d Cir.1986), in support of class certification in this action. The relevant plaintiff in *Rossini* asserted claims of salary, placement, transfer, promotion and training discrimination. The district court denied defendant's motion to decertify the class represented by plaintiff Zukofsky on the salary and placement claims, *Rossini v. Ogilvy & Mather, Inc.,* 597 F.Supp. 1120, 1132 & 1137 (S.D.N.Y.1984), *rev'd,* 798 F.2d 590 (2d Cir.1986), but granted the motion to decertify as to plaintiff's transfer, promotion and training claims, holding that plaintiff failed to prove the existence of an aggrieved class with respect to the transfer claim, *id.* at 1134 & n. 19, and that plaintiff failed to demonstrate commonality and typicality with respect to the promotion and training claims. *Id.* at 1136–37 & 1139. The Second Circuit reversed on the promotion and training claims holding that the typicality and commonality requirements could be satisfied by showing that all putative class members were affected by the same standardless, subjective evaluation system. *Rossini,* 798 F.2d at 599.

Although plaintiffs in this action assert salary, placement, promotion and training claims of the kind for which a class was certified in *Rossini,* plaintiffs here, unlike in *Rossini,* have failed to demonstrate adequately the existence of an aggrieved class whose members have such claims. Nothing in *Rossini* requires a different result and indeed the court's treatment of the plaintiff's transfer claim in *Rossini* supports the ruling challenged by this motion.

The ruling in *Duffy v. C. Itoh & Co.,* 53 Fair Empl.Prac.Cas. (BNA) 815, 1990 WL 144862 (S.D.N.Y. July 11, 1990), a case in which the court certified a class of all past and present female employees of defendant's New York office upon the testimony of "[s]everal former New York employees,

including the named plaintiffs," *id.* at 816, does not support certification in this action because it fails to specify the number of aggrieved persons from whom the court heard testimony apart from the named plaintiffs or the nature of the statistical evidence presented by plaintiffs' counsel. Where, as here, plaintiffs' statistical showing is inadequate, an affidavit from only one aggrieved employee other than the named plaintiffs will not serve to establish the existence of an aggrieved class. *See Sheehan v. Purolator, Inc.,* 103 F.R.D. at 649–50 (E.D.N.Y.1984), *aff'd,* 839 F.2d 99 (2d Cir.), *cert. denied,* 488 U.S. 891, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988). *See also Price v. Cannon Mills,* 113 F.R.D. 66 (M.D.N.C.1986):

> Other than the named parties, plaintiffs have failed to produce sufficient factual evidence of the existence of other employees in the Sheet Department of Cannon Mills who have been discriminated against.... It is necessary that plaintiffs make some affirmative showing beyond individual claims and general class allegations that discrimination has been suffered by the proposed class.

*Id.* at 69.

This Court reached the issue of whether plaintiffs brought their Title VII claim under a disparate impact or disparate treatment theory only so far as was necessary to permit a full and searching inquiry as to whether the requirements of Rule 23 were satisfied. *See Avagliano v. Sumitomo Shoji America, Inc.,* 103 F.R.D. 562, 573 (S.D.N.Y.1984) (on remand). The Court reviewed both theories even though plaintiffs' papers were entirely unclear as to any theory. This Court denied the certification motion on the more basic grounds of failure to establish the existence of an aggrieved class—a requirement which applies regardless of the type of Title VII claim asserted.

Although plaintiffs continue to seek certification on grounds plainly rejected by this Court in its prior opinion, plaintiffs have also sought to raise new issues in the second round of briefs that they failed for whatever reason to present to the Court in

the first instance. Counsel are expected to prepare fully and to present all points in support of motions in their moving papers and not to raise additional points seriatim thereafter. The Local Rules of the Court, the Federal Rules of Civil Procedure as well as the rules of fair play do not contemplate other tactics. It bears repeating that "actual, not presumed, conformance with Rule 23(a) remains ... indispensable," *General Tel. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). Accordingly, plaintiffs' motion for reargument is denied.

All counsel are to attend a pretrial conference at 9:00 A.M. on Thursday, November 29, 1990.

IT IS SO ORDERED.